**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RENE CRUZ, | Case No.: 2:26-cv-00566-APG-BNW |
| Petitioner | **Order Granting (1) Motion to Extend Time and (2) Amended Petition for Writ of Habeas Corpus** |
| v. | |
| TODD BLANCHE,[1] et al., | [ECF Nos. 8, 10] |
| Respondents | |

Petitioner Rene Palacios Cruz is a citizen of El Salvador who came to the United States without inspection as a minor in 2013. ECF Nos. 8 at 4; 12-1 at 6-7.  He was encountered in the United States near Granejo, Texas and was issued a notice to appear charging him with inadmissibility under section 212(a)(6)(A)(1) of the Immigration and Nationality Act. ECF Nos. 8 at 4; 12-1 at 7.  For reasons unexplained, his removal proceedings were "administratively closed" in 2016. ECF No. 12-1 at 7.  It is unclear from the record before me under what statutory provision he was released into the United States.  But he states that he was reunited with his mother and has lived with her since he entered the United States. ECF No. 8 at 4.  The government presents no contrary evidence.

Cruz was convicted of trespass in September 2025 and transferred to the custody of Immigration and Customs Enforcement (ICE). *Id.*; ECF No. 12-1 at 7.  An immigration judge (IJ) denied his request for asylum, ordered him removed to El Salvador, and denied his request to be released on bond, citing a lack of jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). ECF Nos. 8 at 7; 12-1 at 2, 4, 9.  His appeal to the Board of Immigration

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem.

Appeals is pending, so his removal order is not final. ECF Nos. 8 at 7; 13 at 2. He asserts he has remained in custody since September 2025 without having received an individualized custody determination. ECF No. 8 at 4.

In ground one of his petition, he contends that he is in custody under 8 U.S.C. § 1226, and that his continued detention without an individualized bond hearing violates his due process rights under the Fifth Amendment. In ground two he argues that even if he is being detained under § 1225(b), his continued detention without an individualized bond hearing also violates due process. He requests to be released or alternatively to be given a constitutionally adequate bond hearing at which the government bears the burden to show further detention is warranted.

The respondents argue that Cruz is subject to mandatory detention under § 1225(b)(2)(A), although they concede that judges in this district have ruled under similar circumstances that § 1226(a) applies. ECF No. 12 at 1. The respondents request that instead of release, Cruz should be given a bond hearing by an IJ under § 1226.[2]

The parties dispute whether Cruz is detained under § 1225 or § 1226.[3] As I have previously ruled, the best reading of § 1225 is that it applies only in the border context, and

---

[2] The respondents also state that they "adopt [their] *Jacobo Ramirez* Response in full." ECF No. 12 at 2. Although I understand the intent to not repeat arguments and efficiently respond to the flood of habeas petitions raising similar issues, adopting in full a 32-page response brief in another case that raised different facts and issues is not appropriate. I will not sift through the various arguments in that case to determine which ones the respondents think apply in this case. Here, the respondents asserted only that the "*Jacobo Ramirez* Response addresses substantially the same questions at issue in the case at bar regarding DHS's authority to detain individuals under § 1225(b)(2) who are not yet admitted and whose cases remain in pending removal proceedings." *Id.* So that is the portion of the *Jacobo Ramirez* Response that I will consider. For avoidance of doubt, if the respondents also intended to challenge my jurisdiction, I have previously rejected those arguments. *See Rodriguez v. Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685, at *2 (D. Nev. Apr. 1, 2026).

[3] The government offers no other basis for Cruz's detention other than these two statutory provisions.

accordingly § 1226 governs Cruzz's detention because he was initially detained upon entering the United States, released, and later detained again within the country. *See Rodriguez v. Mullin*, No. 2:26-cv-00531-APG-NJK, 2026 WL 895685 (D. Nev. Apr. 1, 2026).  The fact that Cruz is appealing the denial of asylum does not mean he is "seeking admission" under § 1225(b)(2)(A). Applying for asylum is seeking legal status in, not admission into, the country. *Id.* at *4 (citing *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021)).  The respondents do not specifically dispute in this case that continuing to detain Cruz under § 1226 without providing him a bond hearing violates due process. *See Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1162 (D. Nev. 2025).  I therefore grant his petition.

I must decide whether the proper relief is releasing Cruz or ordering that the respondents provide him an individualized bond hearing under § 1226.  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).  Cruz is harmed by his detention under § 1226(a) for months without a bond hearing, and that harm is remedied by ordering a bond hearing.  Given the due process rights at stake, if a bond hearing is not provided promptly, the respondents must immediately release Cruz until it is determined on an individualized basis that his detention is warranted under 8 U.S.C. § 1226(a). *See Escobar Salgado*, 809 F. Supp. 3d at 1162.

I THEREFORE ORDER that the respondents' motion to extend time **(ECF No. 10) is GRANTED**.

I FURTHER ORDER that petitioner Rene Palacios Cruz's amended petition for writ of habeas corpus **(ECF No. 8) is GRANTED**.

I FURTHER ORDER that the respondents must provide petitioner Rene Palacios Cruz a bond hearing under 8 U.S.C. § 1226(a) by May 4, 2026.

I FURTHER ORDER that if an individualized bond hearing is not provided by May 4, 2026, Rene Palacios Cruz must be released from ICE custody until it is determined that his detention is warranted on an individualized basis under 8 U.S.C. § 1226(a).

I FURTHER ORDER the clerk of court to close this case.

DATED this 23rd day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE